■ In the Matter of PIETRO GATTIBONI, Appellant, v ANGELO APONTE, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.—Order, Supreme Court, New York County (Martin B. Stecher, J.), entered May 23, 1991, which dismissed the petition challenging determinations of respondent dated October 18, 1990 and May 1, 1986, finding that petitioner had willfully overcharged his rent-stabilized tenant and directing him to refund all payments collected in excess of the lawful rent plus treble damages on that part of the overcharge collected on or after April 1, 1984, unanimously affirmed, without costs.

As the complaint was instituted prior to April 1, 1984, the effective date of the revised statute (Administrative Code of City of NY § 26-516 [g]), there was a rational basis for the agency to require production of a complete rental history to June 30, 1974 *(Matter of Lavanant v State Div. of Hous. & Community Renewal,* 148 AD2d 185). Further, as petitioner failed to prove the rent overcharge was not willful by a preponderance of the evidence, respondent properly imposed treble damages (Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]). Finally, as petitioner was provided with notices setting forth procedures and penalties, and an opportunity to be heard, there was no violation of due process. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.