■ In the Matter of Two LINCOLN SQUARE ASSOCIATES, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and HILDE R. MONKMEYER, Intervenor-Respondent-Appellant. In the Matter of HILDE R. MONKMEYER, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and Two LINCOLN SQUARE ASSOCIATES, Intervenor-Respondent-Appellant. [594 NYS2d 755] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered September 8, 1992, which, in awarding $30,630.75 to Hilde R. Monkmeyer ("the Tenant") as against Two Lincoln Square Associates ("the Landlord") in accordance with a revised rent calculation chart submitted by the New York State Division of Housing and Community Renewal ("DHCR"), denied and dismissed the Landlord's petition seeking to annul a determination of the Deputy Commissioner of the DHCR, issued on October 4, 1991, finding that a portion of the Landlord's rent overcharge on the Tenant's rent stabilized apartment was willful and subject to treble damages in Tenant's favor, and which denied the Tenant's petition to the extent the Tenant sought reinstatement of an award of treble damages for certain rent overcharges attributable to unlawful compounding of rent increases within a single guidelines year, unanimously affirmed, without costs.

The IAS Court properly upheld the Deputy Commissioner's finding that a portion of the Landlord's rent overcharge was willful and therefore subject to treble damages where the record reveals that DHCR had a rational basis for concluding that the Landlord had not sustained its burden of establishing that these overcharges were not willful *(Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, 575, *lv denied* 78 NY2d 861), and where the Deputy Commissioner acted in accordance with DHCR's Policy Statement 89-2 regarding proof of lack of willfulness by an owner when calculating rent, in determining that treble damages should be imposed on those portions of the rent overcharge.

Similarly, the Deputy Commissioner's refusal to award the Tenant treble damages attributable to the Landlord's com-

pounding of guidelines increases within the same guidelines year was neither arbitrary nor capricious since DHCR Policy Statement 89-2 specifically includes " 'piggy-backed' " or compounded guidelines increases within the same guidelines year as a hypertechnical error for which the burden of proving non-willfulness has been deemed to have been met and since the determination not to impose treble damages for compounded guidelines increases was upheld as rational in *Hammond v Division of Hous. & Community Renewal* (Sup Ct, NY County, Jan. 15, 1988, Stecher, J., index No. 4340/87).

Finally, the IAS Court properly upheld the Deputy Commissioner's conversion of the Tenant's Fair Market Rent Appeal into a Rent Overcharge Complaint where the record reveals that the Landlord, by not raising that issue during the underlying administrative proceedings, failed to preserve the issue, as a matter of law, for judicial review *(Matter of Rozmae Realty v State Div. of Hous. & Community Renewal,* 160 AD2d 343, *lv denied* 76 NY2d 712), and since this Court has repeatedly held that DHCR may convert Fair Market Rent Appeals to Rent Overcharge Proceedings *(Matter of Jemrock Realty Co. v State Division of Hous. & Community Renewal,* 169 AD2d 679, *lv denied* 78 NY2d 852; *Matter of Jemrock Realty Co. v Division of Hous. & Community Renewal,* 166 AD2d 222, *lv denied* 77 NY2d 805).

We have reviewed the respective parties' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman and Asch, JJ.