■ In the Matter of FLAGG COURT REALTY Co., Appellant, v JOSEPH HOLLAND et al., Respondents. [696 NYS2d 225] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated April 10, 1997, which denied the petitioner administrative review of an order of the District Rent Administrator dated June 22, 1989, the petitioner appeals from a judgment of the Supreme Court, Kings County (Belen, J.), dated April 22, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that in reviewing a judgment of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), this Court is limited to a review of the record which was before the DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis (*see, Matter of Derfner Mgt. Co. v New York State Div. of Hous. & Community Renewal,* 252 AD2d 555; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605).

Here, the petitioner never submitted proof to the DHCR of the rents collected for the subject apartment, even though it received notice that such documentation was required from the base rent date through the date that the complaining tenant took occupancy. The decision of the DHCR to roll back the rent on the subject apartment was therefore not arbitrary and capricious (*see, Matter of 61 Jane St. Assocs. v New York Conciliation & Appeals Bd.,* 65 NY2d 898; *Matter of Derfner Mgt. Co. v New York State Div. of Hous. & Community Renewal, supra*). Contrary to the petitioner's contentions, the Supreme Court was precluded from considering newly-submitted evidence to excuse the petitioner's failure of proof, since the petitioner did not present evidence of the rents collected to the DHCR before the determination under review (*see, Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal,* 204 AD2d 630; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal, supra*).

The petitioner failed to meet its burden of establishing that the overcharge was not willful (*see, Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal, supra*).

The petitioner's remaining contention is without merit. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.