■ In the Matter of DOLORES HOROWITZ, Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [717 NYS2d 204] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Deputy Commissioner of the State of New York Division of Housing and Community Renewal, dated December 16, 1998, which denied a petition for administrative review and affirmed an order of the Rent Administrator dated January 7, 1998, granting an application for a major capital improvement rent increase for the subject apartments, the State of New York Division of Housing and Community Renewal appeals from so much of a judgment of the Supreme Court, Queens County (Dye, J.), dated January 4, 2000, as granted the petition to the extent of vacating the determination dated December 16, 1998, and remitting the matter to the New York State Division of Housing and Community Renewal for a new determination.

Ordered that the judgment is reversed insofar as appealed

from, on the law, with costs, the determination dated December 16, 1998, is confirmed, and the proceeding is dismissed in its entirety on the merits.

The petitioner filed a petition for administrative review (hereinafter the PAR) with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) on behalf of certain rent-stabilized tenants to contest a major capital improvement (hereinafter MCI) rent increase granted to the property owner. It is undisputed that the DHCR sent a notice of the owner's application for a MCI rent increase to each of the affected rent-stabilized tenants. However, the tenants did not respond to that notice while the matter was pending before the Rent Administrator. In the PAR, the petitioner contended, *inter alia*, that the DHCR notice to the tenants was defective in that it contained a summary of the owner's application, rather than a copy of the application itself (*see,* 9 NYCRR 2527.3 [a]).

The Deputy Commissioner of the DHCR properly refused to consider the issues raised in the PAR. Review is limited to the facts or evidence before the Rent Administrator, unless the petitioner establishes that the facts or evidence in the PAR could not reasonably have been offered before issuance of the order under review (*see,* 9 NYCRR 2529.6). The petitioner failed to demonstrate that the issues raised in the PAR could not have been presented to the Rent Administrator in a timely fashion (*see, Matter of DiMaggio v Division of Hous. & Community Renewal,* 248 AD2d 533). Furthermore, although the DHCR may consider untimely filings at any stage of the administrative proceedings upon good cause shown (*see,* 9 NYCRR 2527.5 [d]), it has the discretion to deny relief to a tenant who fails to show good cause (*see, Matter of Dworman v New York State Div. of Hous. & Community Renewal,* 94 NY2d 359, 374). The petitioner failed to show good cause for the tenants' failure to object to the MCI rent increase application during the approximately six-month period between July 1997, when the DHCR notified them of the owner's application, and January 1998, when the DHCR granted the rent increase. Accordingly, the denial of the PAR by the DHCR had a rational basis, and the Supreme Court erred in annulling the determination. O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.