■ In the Matter of DANIEL EVANS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [726 NYS2d 262] —Judgment, Supreme Court, New York County (James Yates, J.), entered March 16, 2000, which denied petitioner tenant's application to annul respondent State Division of Housing and Community Renewal's (DHCR) determination finding a rent overcharge of $273.72 after limiting the scope of review to the four-year period preceding the filing of petitioner's overcharge complaint, and dismissed the petition, unanimously affirmed, without costs.

DHCR's determination, made in 1998, properly applied the four-year rule mandated by Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2), effective June 19, 1997 and applicable to pending administrative proceedings (L 1996, ch 116, § 46), to petitioner's overcharge complaint filed in 1990. "Administrative delay will not defeat the agency, absent a showing that the delay was willful or a result of negligence" (Matter of Goldman v New York State Div. of Hous. & Community Renewal, 270 AD2d 169; Matter of Schutt v New York State Div. of Hous. & Community Renewal, 278 AD2d 58), not made here. We have considered and rejected petitioner's argument that the subject apartment is rent controlled and not rent stabilized. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.