■ In the Matter of TARA McCARTHY et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and LONDON TERRACE GARDENS, Intervenor-Appellant. [736 NYS2d 353] —Order and judgment (one paper), Supreme Court, New York County (Robert Lippman, J.), entered on or about August 29, 2000, which, insofar as appealed from, granted petitioners' CPLR article 78 petition challenging the order of the Deputy Commissioner, which denied petitioners' overcharge complaint, and remanded the matter to respondent-appellant for further proceedings and a new determination, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

In this article 78 proceeding involving an overcharge complaint, petitioners Tara McCarthy and Lee Zimmerman, intervenor-appellant landlord London Terrace Gardens, and appellant Division of Housing and Community Renewal (DHCR) all agree that pursuant to Rent Stabilization Law (Administrative Code of City of NY) § 26-516, as amended by the Rent Regulation Reform Act of 1997 (L 1997, ch 116, § 33), the rental history prior to the four-year period preceding the filing of the complaint may not be considered (*see Zafra v Pilkes*, 245 AD2d 218). Since petitioners filed their complaint on October 30, 1989, any rental history prior to October 30, 1985, the base date, falls outside the four-year period.

Petitioners moved into the apartment on October 15, 1986, at a monthly rent of $3,818.99. On the same day, landlord filed the 1986 annual apartment registration with DHCR indicating that the legal registered rent on April 1, 1986 was $1,849.90, and that the apartment was vacant on that date. The registration statement and rent ledgers for the four-year period show that the apartment had been vacant from January 1985 through September 1986. According to petitioners, the rent listed on the registration statement, which was filed within the four-year period, was the initial legal registered rent. DHCR, however, found that there was no rental history inasmuch as the apartment was vacant prior to the base date, and thus, the

initial legal regulated rent was the rent listed in the initial lease. The IAS court found DHCR's determination irrational, agreeing with petitioners that the rent listed in the registration statement established conclusively the legal regulated rent. We reverse and dismiss the petition.

Contrary to petitioners' contention, DHCR did consider the registration statement. DHCR found, however, that the rent listed in the registration statement was not part of the relevant rental history, because that was the rent paid by the previous tenants who had vacated the apartment in January 1985, more than four years prior to the filing of the complaint. At the time of the base date, and for about a year thereafter, no rent was charged as the apartment was vacant. Rental history that falls outside the four-year period does not become reviewable simply because it is listed in a registration statement filed within the four-year period. Thus, it was rational for DHCR to conclude that the rent in the registration statement was not relevant rental history. In addition, DHCR correctly used the first rent charged to petitioners after the vacancy as the initial legal regulated rent in order to calculate any increases taken within the four-year period (*see Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal,* 87 NY2d 325, 336).

The issue of whether DHCR should be estopped from applying the 1997 amendment because of its delay in adjudicating the complaint is properly before us (*see Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). We agree with the IAS court that petitioners failed to show that the delay was caused by DHCR's negligence or willfulness (*see Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal,* 270 AD2d 169). Therefore, DHCR is not estopped from applying the 1997 amendment. We must observe, however, that this is but one of several cases we have seen in which DHCR's overly extended delay has created hardship for the parties. The public, tenants and landlords deserve prompt resolution of issues which must be submitted to and decided by DHCR and other agencies of government. Concur—Williams, J.P., Mazzarelli, Rosenberger, Rubin and Buckley, JJ.