■ In the Matter of JOHN DeSILVA, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION, Respondent. [825 NYS2d 113]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York State Division of Housing and Community Renewal Office of Rent Administration, dated November 23, 2004, which denied a petition for administrative review and confirmed a determination of the rent administrator dated August 12, 2004, awarding the tenant treble damages for rent overcharges.

Adjudged that the determination is confirmed, the petition is

denied, and the proceeding is dismissed on the merits, with costs.

This proceeding was improperly transferred to this Court by the Supreme Court, Kings County, pursuant to CPLR 7804 (g) (*see Matter of Pabon v Phillips,* 16 AD3d 589, 590 [2005]; *Thurman v Holahan,* 123 AD2d 687 [1986]). However, for purposes of judicial economy we will retain jurisdiction and decide this case on the merits (*see Matter of Pabon v Phillips, supra; Thurman v Holahan, supra*).

The petitioner, the landlord of the subject apartment, failed to submit the rent records necessary to establish the legal stabilized rent for the apartment. Consequently, the respondent, New York State Division of Housing and Community Renewal Office of Rent Administration (hereinafter the DHCR), had a rational basis for applying the default formula (*see Matter of Clear Holding Co. v State Div. of Hous. & Community Renewal,* 268 AD2d 430 [2000]).

The burden is on the owner to establish that an overcharge is not willful (*Matter of Ador Realty, LLC v Division of Hous. & Community Renewal,* 25 AD3d 128, 140 [2005]). Treble damages are properly imposed when the owner fails to carry that burden by a preponderance of the evidence (*id.* at 140-141; *see also Matter of Gattiboni v Aponte,* 188 AD2d 434 [1992]). Contrary to the petitioner's contention, the determination of the DHCR to award the tenant treble damages for rent overcharges was not arbitrary and capricious, and had a rational basis (*see Matter of Condo Units v New York State Div. of Hous. & Community Renewal,* 4 AD3d 424 [2004]; *cf. Matter of Rego Estates v Division of Hous. & Community Renewal,* 20 AD3d 539, 540 [2005]).

The petitioner was not denied due process of law because the DHCR did not conduct an evidentiary hearing (*see Matter of Richter v New York State Div. of Hous. & Community Renewal,* 204 AD2d 648 [1994]). The DHCR need not conduct a hearing when the record is complete based on evidentiary submissions (*see* 9 NYCRR 2051.3 [b]). Absent a requirement that the DHCR hold a hearing, "all that due process requires is that reasonable notice be afforded to the parties to a proceeding and that they have an opportunity to present their objection" (*Matter of Rubin v Eimicke,* 150 AD2d 697, 698 [1989]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Mastro, Spolzino and Fisher, JJ., concur.