■ In the Matter of AVEONIS MANAGEMENT, INC., et al., Respondents, v NELSON KRANKER et al., Appellants. [827 NYS2d

872]—In a proceeding pursuant to CPLR article 78 to review a determination of the Dutchess County Department of Consumer Affairs dated May 14, 2004, which, inter alia, found that Aveonis Management, Inc., and Nicholas Dellaportas abandoned a home improvement contract, Nelson Kranker, as director of the Dutchess County Department of Consumer Affairs, and the County of Dutchess appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated May 2, 2005, as, upon reargument, adhered to a prior determination in an order dated January 28, 2005 granting the petition.

Ordered that the order dated May 2, 2005 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the prior determination as granted that branch of the petition which was to vacate the determination of the Dutchess County Department of Consumer Affairs as against Aveonis Management, Inc., and substituting therefor a provision, upon reargument, vacating so much of the order dated January 28, 2005, as granted that branch of the petition, denying that branch of the petition, and dismissing that portion of the proceeding; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The scope of judicial review of a determination of the Dutchess County Department of Consumer Affairs (hereinafter Department of Consumer Affairs) is limited and a court may not interfere unless the determination is arbitrary and capricious, affected by an error of law, or constitutes an abuse of discretion (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]).

Under the facts of this case, the determination that Aveonis Management, Inc. (hereinafter Aveonis), was in violation of the Dutchess County Local Law and the General Municipal Law was not arbitrary and capricious, affected by an error of law, or an abuse of discretion (*cf. Matter of Horowitz v State of N.Y. Div. of Hous. & Community Renewal*, 277 AD2d 382, 383 [2000]; *Matter of Flagg Ct. Realty Co. v Holland*, 265 AD2d 327 [1999]; *Matter of Kessel v Public Serv. Commn. of State of N.Y.*, 193 AD2d 339 [1993]). Accordingly, the Supreme Court erred in granting that branch of the petition which sought to vacate the determination of the Department of Consumer Affairs as against Aveonis.

However, the Supreme Court properly vacated so much of the determination as was against Nicholas Dellaportas as the record lacked any basis for the determination that he was in violation

of the Dutchess County Local Law or the General Municipal Law. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.