714

■ In the Matter of ATM ONE, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [831 NYS2d 436]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated November 3, 2005, modifying a determination of the District Rent Administrator dated November 17, 2004, and awarding the tenant Mohammad A. Janjua a refund of rent overcharges, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered March 31, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made by an administrative agency such as the New York State Division of Housing and Community Renewal (hereinafter the DHCR), the court's inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law (see CPLR 7803 [3]; Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 2 NY3d 142 [2004]; Matter of Melendez v New York State Div. of Hous. & Community Renewal, 304 AD2d 580; Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675 [2002]; Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, 225 AD2d 547 [1996]). An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable (see Matter of Melendez v New York State Div. of Hous. & Community Renewal, supra; Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, supra; Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, supra).

The DHCR's determination that the petitioner charged its tenant Mohammad A. Janjua more than the legal regulated rate for his apartment had a reasonable basis in law and a rational

basis in the record, and was not arbitrary and capricious. The petitioner relied upon a stipulation signed by the tenant and a cotenant in settlement of a 2001 holdover proceeding to justify offering them a vacancy lease imposing an 18% rental increase. However, the DHCR reasonably interpreted section 2500.12 of the Emergency Tenant Protection Regulations (9 NYCRR part 2500 *et seq.*) to invalidate the stipulation. Pursuant to this provision, an agreement which requires a tenant to "waive the benefit of any provision" of the Emergency Tenant Protection Act of 1974 and its implementing regulations is void (9 NYCRR 2500.12; *see Draper v Georgia Props.*, 94 NY2d 809 [1999]; *Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, supra; Matter of 430 Realty Corp. v New York State Div. of Hous. & Community Renewal,* 196 AD2d 725 [1993]). Section 2500.12 of the Emergency Tenant Protection Regulations (9 NYCRR) does countenance a waiver of the benefits of the Emergency Tenant Protection Act of 1974 and its implementing regulations where a negotiated settlement between landlord and tenant is approved by the DHCR or a court, or where the tenant is represented by counsel. However, the subject stipulation was not approved by the DHCR or any court, and the tenant and cotenant were not represented by counsel. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.