■ In the Matter of FRED ELLIS, Respondent, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF STATE OF NEW YORK, Appellant. [845 NYS2d 407]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, sued herein as Division of Housing and Community Renewal of State of New York, dated October 7, 2005, which confirmed a determination of the rent administrator dated June 21, 2005, that the tenant was entitled to treble damages for a rent overcharge, the New York State Division of Housing and Community Renewal, sued herein as Division of Housing and Community Renewal of State of New York, appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated May 25, 2006, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination dated October 7, 2005, is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

From 1982 to 2000 the tenant paid the sum of $300 per month as rent for his apartment in Park Slope, Brooklyn, although he occupied the apartment without a lease since 1984. In December 2000, without entering into a renewal lease, the owner of the apartment increased the rent to the sum of $400 per month, which the tenant paid. On November 15, 2004 the tenant filed an overcharge complaint with the New York State Division of Housing and Community Renewal, sued herein as Division of Housing and Community Renewal of State of New York (hereinafter the DHCR). The Rent Administrator of the DHCR found that the owner overcharged the tenant, and awarded the tenant treble damages. The Deputy Commissioner of the DHCR upheld the rent administrator's determination. However, the Supreme Court granted the owner's petition to set it aside, finding that no overcharge occurred because the increased rent was well below market value. We reverse.

In reviewing a determination made by an administrative agency such as the DHCR, the court's inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d 714 [2007]). "An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (*Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d at 714).

The rent administrator correctly determined that in the absence of a renewal lease the legal regulated rent was $300 per month, that is, the rent charged on the base date, which was four years prior to the filing of the rent overcharge complaint (*see* Administrative Code of City of NY § 26-516 [a] [2]; 9 NYCRR 2526.1 [a] [3] [i]). Therefore, contrary to the Supreme Court's determination, the rent administrator's finding of an overcharge was not arbitrary and capricious (*see Matter of AVJ Realty Corp. v New York State Div. of Hous. & Community Renewal*, 8 AD3d 14, 18 [2004]; *Matter of Hatanaka v Lynch*, 304 AD2d 325, 326 [2003]; *Matter of McCarthy v New York State Div. of Hous. & Community Renewal*, 290 AD2d 313, 314 [2002]). Further, the rent administrator rationally found that the owner failed to demonstrate by a preponderance of the evidence that the overcharge was not willful (*see* Administrative Code of City of NY § 26-516 [a]; *Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin.*, 34 AD3d 673, 674 [2006]; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128, 141-142 [2005]). Accordingly, the rent administrator's imposition of treble damages was not arbitrary and capricious.

Under such circumstances, the rent administrator's determination was properly upheld by the Deputy Commissioner of the DHCR, and the Supreme Court erred in granting the petition to annul the determination of the Deputy Commissioner of the DHCR. Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.