■ In the Matter of 508 REALTY ASSOCIATES, LLC, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [877 NYS2d 392]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated September 14, 2006, which denied a request for administrative review and confirmed a determination of the District Rent Administrator dated February 1, 2006, awarding the tenant treble damages for rent overcharges, the New York State Division of Housing and Community Renewal appeals from so much of a judgment of the Supreme Court, Kings County (Martin, J.), dated October 19, 2007, as granted the petition, annulled the determination dated September 14, 2006, to the extent of vacating the award of treble damages, and vacated the determination dated February 1, 2006.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, the determination dated September 14, 2006 is confirmed in its entirety, the determination dated February 1, 2006 is reinstated, and the proceeding is dismissed on the merits.

The Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*) provides that if the New York State Division of Housing and Community Renewal (hereinafter the DHCR) finds that a landlord, after a reasonable opportunity to be heard, has collected an overcharge above the rent authorized for a housing accommodation, the landlord will be liable to the tenant for a penalty equal to three times the amount of the overcharge (*see* Administrative Code of City of NY § 26-516 [a]). In a rent overcharge proceeding, it is the landlord's burden to prove, by a preponderance of the evidence, that the overcharge was not willful. Absent such proof, the landlord will be assessed a treble-damage penalty, payable to the tenant (*see Matter of H.O. Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal,* 46 AD3d 103, 107 [2007]; *Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y.,* 45 AD3d 594, 595 [2007]; *Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin.,* 34 AD3d 673, 674 [2006]; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal,* 25 AD3d 128, 140 [2005]; *Matter of Chu v New York State Div. of Hous. & Community Renewal,* 231 AD2d 567, 568 [1996]). Moreover, in reviewing a determination made by an administrative agency such as the DHCR, the court's inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable

basis in law (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222 [1974]; *Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y.,* 45 AD3d at 595; *Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal,* 37 AD3d 714 [2007]; *Matter of Derfner Mgt. Co. v New York State Div. of Hous. & Community Renewal,* 252 AD2d 555, 556 [1998]). "An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (*Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal,* 37 AD3d at 714).

In this case, the documentation of the rental history of the subject apartment provided by the petitioner landlord—a lease, lease renewal forms, and handwritten, notarized ledger sheets— was riddled with inaccuracies and discrepancies. Two of the lease renewal forms encompassed the same period, yet listed different rents and purportedly permissible rent increases for the subject apartment. Moreover, one of the lease renewal forms indicated that it was signed in January 2000, eight months after the term of the renewal lease commenced on May 1, 1999. In addition, it is undisputed that the apartments in the subject building had not been registered with the DHCR for the five-year period from 2000 through 2004. Thus, the Supreme Court erred in its determination that the petitioner established, by a preponderance of the evidence, that the overcharge regarding the subject apartment was not willful. The DHCR's determination with respect to the award of treble damages was not arbitrary and capricious, and had a rational basis in the record and a reasonable basis in law (*see Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y.,* 45 AD3d at 595).

Contrary to the reasoning of the Supreme Court, *Matter of Round Hill Mgt. Co. v Higgins* (177 AD2d 256 [1991]), is not applicable to this case, as the landlord in *Round Hill* had established, by a preponderance of the evidence, that the rent overcharge was not willful.

The petitioner's contention that an evidentiary hearing was required is without merit (*see Matter of DeSilva v New York State Div. of Hous. & Community Renewal,* 34 AD3d at 674; *Matter of Richter v New York State Div. of Hous. & Community Renewal,* 204 AD2d 648 [1994]; *Matter of Rubin v Eimicke,* 150 AD2d 697, 698 [1989]; *Matter of Plaza Realty Invs. v New York City Conciliation & Appeals Bd.,* 110 AD2d 704 [1985]).

The DHCR properly relied, in part, on a 1993 rent reduction order in determining the lawful rent for the subject apartment

(*see Jenkins v Fieldbridge Assoc., LLC,* — AD3d —, 2009 NY Slip Op 02751 [2d Dept 2009]; *Matter of Condo Units v New York State Div. of Hous. & Community Renewal,* 4 AD3d 424, 425 [2004]; *Raffo v McIntosh,* 3 Misc 3d 127[A], 2004 NY Slip Op 50323[U] [2004]; *see also Matter of Ador Realty, LLC v Division of Hous. & Community Renewal,* 25 AD3d at 136-138).

The parties' remaining contentions are without merit. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.