■ In the Matter of NKECHI OBIORA, Appellant, v NEW YORK STATE DIVISION OF HOUSING & COMMUNITY RENEWAL et al., Respondents. [909 NYS2d 119]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated August 28, 2008, which upheld so much of an order of the Rent Administrator dated April 11, 2008, as awarded tenants treble damages for rent overcharges covering a certain period of time, the petitioner landlord appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), dated June 30, 2009, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Pursuant to the Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-501 *et seq.*, if the New York State Division of Housing and Community Renewal (hereinafter the DHCR) finds that a landlord, after a reasonable opportunity to be heard, has collected an overcharge above the rent authorized for a housing accommodation, the landlord will be liable to the tenant for a penalty equal to three times the amount of the overcharge (*see* Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [a]). This treble damage award can be avoided by the landlord if he or she meets his or her burden of proof that the overcharge was not willful (*see* Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [a]). There-

fore, once the occurrence of a rent overcharge has been established, it becomes incumbent upon the landlord to establish by a preponderance of the evidence that the overcharge was not willful (*see Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 754 [2009]; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128, 140 [2005]). "Since the DHCR found here that the owner failed to carry that burden, our review is limited to determining whether there is 'record support and a rational basis' for that determination" (*Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d at 141, *quoting Matter of Century Tower Assoc. v State of N.Y. Div. of Hous. & Community Renewal*, 83 NY2d 819, 823 [1994]).

Here, the landlord failed to meet her burden of showing that the overcharge was not willful (*see Matter of Flagg Ct. Realty Co. v Holland*, 265 AD2d 327, 328 [1999]). Neither her asserted personal ignorance of the law nor her attorney's incorrect advice justified her overcharging of the tenants' rent, especially since she admittedly knew of the existence of a J-51 tax abatement (*see* Administrative Code of City of NY § 11-243) for the subject building, which rendered the apartment at issue subject to rent stabilization.

The petitioner's remaining contentions are without merit. Covello, J.P., Leventhal, Hall and Sgroi, JJ., concur.