■ In the Matter of METROPOLITAN 118-80 LIMITED PARTNERSHIP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [920 NYS2d 729]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated July 3, 2009, modifying an order of the Rent Administrator dated December 8, 2008, by finding the existence of a willful rent overcharge and imposing a penalty of treble damages, the petitioner appeals from a judgment of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered February 18, 2010, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Pursuant to section 26-516 (a) of the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-501 *et seq.*), "once the occurrence of a rent overcharge has been established, it becomes incumbent upon the landlord to establish by a preponderance of the evidence that the overcharge was not willful" (*Matter of Obiora v New York State Div. of Hous. & Community Renewal*, 77 AD3d 755, 756 [2010]; *see Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 754 [2009]; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128, 140-141 [2005]). Where the landlord fails to carry that burden, treble damages are properly imposed (*see* Administrative Code of City of NY § 26-516 [a]; *Matter of Obiora v New York State Div. of Hous. & Community Renewal*, 77 AD3d at 755-756; *see Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d at 754; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d at 140-141). Contrary to the contention of the petitioner landlord, the determination of the New York State Division of Housing and Community Renewal that the petitioner failed to carry that burden was not arbitrary and capricious, and had a rational basis (*see Matter of Obiora v New York State Div. of Hous. & Community Renewal*, 77 AD3d at 756; *Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d at 754-755; *Matter of Naim 111-46 76th Dr., LLC v New York State Div. of Hous. & Community Renewal*, 38 AD3d 555, 556 [2007]).

The petitioner's remaining contentions are without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.