PWV Acquisition, LLC, Petitioner-Landlord-Respondent, 
against
Michael Paradise, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated May 3, 2017, which denied his motion for summary judgment dismissing the petition and on his counterclaims in a nonpayment summary proceeding.




Per Curiam.
Order (John H. Stanley, J.), dated May 3, 2017, reversed, with $10 costs, and tenant's motion granted to the extent of awarding tenant summary judgment dismissing the petition and partial summary judgment on his counterclaims on the issue of liability, and the matter remanded to Civil Court for an assessment to determine the amount of the overcharge, as well as the treble damages to be awarded thereon, and the reasonable value of the attorneys' fees due tenant.
Pursuant to a rent reduction order effective January 1, 2012, DHCR found that the owner failed to provide certain required services and reduced the legal regulated rent for 47 stabilized building units, including the subject apartment, to the level in effect prior to the most recent guideline increase. The order also expressly barred landlord from collecting any rent increases until an order was issued restoring the rent. The legal rent for the subject apartment prior to the most recent guideline increase was $818.71, the amount paid by the stabilized tenant (Wachtel), who vacated in early 2014. Tenant entered into possession of the apartment in June 2014, pursuant to a free market lease setting forth a rent of $3,400 per month. DHCR issued an order restoring the rent effective June 1, 2016.
This March 2016 nonpayment proceeding, based upon allegations that tenant owes rent arrears in excess of $22,000 and that his apartment is exempt from rent stabilization due a high rent vacancy, should have been dismissed on tenant's summary judgment motion. Pursuant to the rent reduction order, the rent was frozen at $818.71 per month when tenant leased the apartment in June 2014 (see Rent Stabilization Law [Administrative Code of City of NY] § 26—514; Rent Stabilization Code [9 NYCRR] § 2523.4[a] [1]; Jenkins v Fieldbridge Assoc., LLC, 65 AD3d [*2]169 [2009], lv dismissed 13 NY3d 855 [2009]), and pursuant to this order, landlord was not entitled to collect any vacancy increases (see RSC §§ 2523.4[a][1], 2522.8) or increases for individual apartment improvement (see RSC § 2522.4[a][1]; DHCR Operational Bulletin 2014-2). Thus, the subject apartment did not become exempt from stabilization due to a high rent vacancy that occurred before tenant entered into possession. Accordingly, the nonpayment petition alleging that the apartment is exempt from coverage must be dismissed. Landlord also concedes that its rent demand is defective.
The record also conclusively establishes that tenant was overcharged, paying as much as $3,400 per month when the legal rent was $818.71. Moreover, treble damages are warranted, because landlord failed to establish by a preponderance of the evidence that the overcharge was not willful (see Altschuler v Jobman 478/480, LLC., 135 AD3d 439, 441 [2016], lv dismissed 28 NY3d 945 [2016], lv denied 29 NY3d 903 [2017]; Matter of Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241, 242 [1997] [an overcharge is presumed willful, and warrants a treble damage award unless the owner establishes by a preponderance of the evidence that the overcharge was not willful]). In this regard, the subject rent reduction order specifically indicated that "no ... rent increase may be collected after the effective date of [such] order ... until an order is issued restoring the rent," and landlord was admittedly aware of the order, since it unsuccessfully challenged such order in two petitions for administrative review in 2013 and in a CPLR article 78 proceeding in 2014. Landlord's conclusory claim that it relied upon its attorneys' advice did not rebut the presumption of willfulness (see Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d 755, 756 [2010] ["[n]either [landlord's] asserted personal ignorance of the law nor her attorney's incorrect advice justified her overcharging of the tenants' rent"]; Matter of Hargrove v Division of Hous. & Community Renewal, 244 AD2d at 242 ["no rational basis to support determination that landlord's claimed misinterpretation of [the] law was in good faith, and that overcharge was not willful"]). 
Inasmuch as tenant is the prevailing party in this litigation, he is entitled to attorneys' fees pursuant to the lease and the reciprocal provisions of Real Property Law § 234).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: March 29, 2018