Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 01605)





Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 01605


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-01619
 (Index No. 61332/16)

[*1]In the Matter of South Lexington Associates, LLC, appellant, 
v
New York State Division of Housing and Community Renewal, respondent.


Cooper & Paroff, P.C., Kew Gardens, NY (Ira G. Cooper and Jeffrey Turkel of counsel), for appellant.
Mark F. Palomino, New York, NY (Patrice Huss of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a deputy commissioner of the respondent, New York State Division of Housing and Community Renewal, dated June 21, 2016, which denied a petition for administrative review and affirmed a Rent Administrator's determination dated January 12, 2016, finding that the petitioner had overcharged a tenant, and awarded the tenant treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated January 24, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The respondent, New York State Division of Housing and Community Renewal (hereinafter the DHCR), commenced an administrative proceeding against the petitioner, the landlord of the subject apartment. The DHCR alleged that the petitioner overcharged rent to the tenant of the apartment. Upon a determination by a Rent Administrator that the petitioner overcharged the tenant, the DHCR imposed treble damages. Thereafter, the petitioner filed a petition for administrative review of the Rent Administrator's determination; that petition was denied. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the DHCR's determination denying the petition for administrative review, upholding the Rent Administrator's determination, and awarding treble damages. In a judgment dated January 24, 2017, the Supreme Court denied the petition and dismissed the proceeding.
The petitioner failed to submit the rent records necessary to establish the legal stabilized rent for the apartment. Accordingly, the DHCR had a rational basis for applying the default formula to calculate the legal rent (see Matter of 65-61 Saunders St. Assoc., LLC v New York State Div. of Hous. & Community Renewal, 154 AD3d 930, 931; Matter of DeSilva v New York State Div. of Hous. & Community. Renewal Off. of Rent Admin., 34 AD3d 673, 674).
Contrary to the petitioner's contention, the imposition of treble damages was not arbitrary or capricious and had a rational basis in the record (see Matter of DeSilva v New York State [*2]Div. of Hous. & Community Renewal Off. of Rent Admin., 34 AD3d at 674; Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 141). The burden is on an owner to establish that an overcharge is not willful (see Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin., 34 AD3d at 673; Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d at 140). Treble damages are properly imposed where, as here, the owner fails to carry that burden by a preponderance of the evidence (see Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin., 34 AD3d at 674; see also Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal, 61 AD3d 753, 754).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court