Morris Realty LLC, Petitioner-Landlord-Appellant, 
against
Maria E. Caceres and Julio Pagan, Respondents-Tenants-Respondents.




Landlord appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Brenda S. Spears, J.), entered November 30, 2018, after a nonjury trial, which dismissed the petition and awarded tenants a money judgment in the principal sum of $14,022.00 in a nonpayment summary proceeding.




Per Curiam. 
Final judgment (Brenda S. Spears, J.), entered November 30, 2018, affirmed, with $25 costs.
Giving due deference to the trial court's findings of fact, we find no cause to disturb the court's ultimate determination that landlord willfully overcharged tenants, who commenced occupancy in March 2016 at a stabilized rental of $1,149.38 per month. Landlord failed to establish the existence of apartment improvements justifying the increase in the legal rent from $637.40 (the prior tenant's rent, plus a then applicable vacancy increase), to the $1,149.38 charged and initially paid by tenants, an 80% increase in rent. The record shows, and the trial court found, that landlord failed to submit adequate documentation in support of its claimed improvements, or witness testimony establishing the nature and scope of the work performed (see Graham Ct. Owners Corp. v Long, 64 Misc 3d 133[A], 2019 NY Slip Op 51083[U] [App Term, 1st Dept 2019]; East 17th LLC v McCusker, 63 Misc 3d 134[A], 2019 NY Slip Op 50469[U][App Term, 1st Dept 2019]; Graham Ct. Owners Corp. v Green, 11 Misc 3d 131[A], 2006 NY Slip Op 50333[U] [App Term, 1st Dept 2006]).
Contrary to landlord's principal argument, the issue of the legality of the $1,149.38 rent was properly before the court, since tenants affirmatively pleaded in their answer that landlord is "seeking a rent in excess of the lawful rent" and their counterclaim for rent overcharge was based upon the 80% increase in rent noted above (see CPLR 3018[b]). In the circumstances, landlord was required to prove the existence of apartment improvements justifying the increase in the [*2]legal rent to $1,149.38 (see Ruggerino v Prince Holdings 2012, LLC, 170 AD3d 568, 569 [2019]). 
Treble damages were properly imposed, since landlord failed to establish that its overcharge was not willful (see Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d 755, 756 [2010]; Matter of Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241 [1997]. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2020