Paulonis v 287 Assoc., L.P. (2021 NY Slip Op 05346)





Paulonis v 287 Assoc., L.P.


2021 NY Slip Op 05346


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00622 
2021-04790
 (Index No. 23312/10)

[*1]Michael Paulonis, et al., appellants,
v
287 Associates, L.P., respondent.


Hernandez & Paulonis, P.C., Brooklyn, NY (Michael S. Paulonis pro se of counsel), for appellants.
John D. Rapoport, P.C., Yonkers, NY, for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for rent overcharges, the plaintiffs appeal from (1) a decision of the Supreme Court, Kings County (Miriam P. Sunshine, Special Referee), dated October 26, 2017, and (2) an interlocutory judgment of the same court (Lawrence Knipel, J.), dated June 17, 2021. The interlocutory judgment, insofar as appealed from, upon the decision, made after a nonjury trial, in effect, dismissed the demand for treble damages pursuant to Administrative Code of the City of New York § 26-516(a).
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the interlocutory judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff Michael Paulonis, a tenant in a multi-family building in Brooklyn, commenced this action against the defendant, 287 Associates, L.P., the owner of the premises, alleging, among other things, fraud and rent overcharge and seeking, inter alia, a calculation of the lawful rent under the default formula set by the Department of Housing and Community Renewal (hereinafter DHCR) and treble damages pursuant to Administrative Code of the City of New York § 26-516(a). Thereafter, Paulonis's action was consolidated with similar actions commenced against the defendant by other tenants of the premises (hereinafter collectively the plaintiffs).
In a decision dated October 26, 2017, made after a nonjury trial, the Supreme Court found that, although the charges imposed by the defendant designated in the leases as "§ 421-a Tax Exemption Program, 2.2% charge" should not have been imposed, the defendant demonstrated that [*2]it had not attempted to circumvent the Rent Stabilization Law (Administrative Code of City of New York § 26-510 et seq.) and the overcharge was not willful. The court further determined that there was no intentional act to defraud by the defendant and determined that the demand for treble damages should be dismissed. The court directed the parties to submit the lawful computed rent for each plaintiff within 30 days of the date of the decision, without treble damages. Thereafter, the court entered an interlocutory judgment, upon the decision, inter alia, in effect, dismissing the demand for treble damages pursuant to Administrative Code § 26-516(a). The plaintiffs appeal from so much of the interlocutory judgment as, in effect, dismissed the demand for treble damages.
The Supreme Court properly found that the plaintiffs are not entitled to treble damages. Administrative Code § 26-516(a) provides that "any owner of housing accommodations who, upon complaint of a tenant, or of the state division of housing and community renewal, is found, . . . after a reasonable opportunity to be heard, to have collected an overcharge above the rent authorized for a housing accommodation subject to this chapter shall be liable to the tenant for a penalty equal to three times the amount of such overcharge" (see e.g. Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d 755, 755). However, if the owner establishes by a preponderance of the evidence that the overcharge was not willful, the State Division of Housing and Community Renewal shall establish the penalty as the amount of the overcharge plus interest (see Rent Stabilization Law [Administrative Code of City of NY] § 26-516[a]). Thus, a rent overcharge is presumed willful, and warrants a treble damages award under Administrative Code § 26-516(a), unless the owner establishes by a preponderance of the evidence that the overcharge was not willful (see Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal, 61 AD3d 753, 754; Matter of H.O. Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 103, 107). Here, the record supports the court's finding that, in effect, the overcharges were merely in error and not willful (see DHCR Policy Statement 89-2; Matter of Two Lincoln Sq. Assoc. v New York State Div. of Hous. & Community Renewal, 191 AD2d 281, 281-282), and that treble damages are therefore not warranted.
The plaintiffs' contention that the DHCR default formula should be used to calculate the legal regulated rent is not properly before this Court.
The parties' remaining contentions are without merit.
Accordingly, we affirm the interlocutory judgment insofar as appealed from.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court