Matter of 305 Riverside Corp. v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 01057)

Matter of 305 Riverside Corp. v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 01057

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 150659/23|Appeal No. 1180|Case No. 2023-01984|

[*1]In the Matter of 305 Riverside Corp., Petitioner-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Appellant.

Mark F. Palomino, New York (Sandra A. Joseph of counsel), for appellant.
Horing Welikson Rosen & Digrugilliers, P.C., Williston Park (Jillian N. Bittner of counsel), for respondent.

Order and Judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 20, 2023, granting the petition to vacate a December 20, 2022 order of respondent New York State Division of Housing and Community Renewal (DHCR), which denied petitioner's two petitions for administrative review and dismissed petitioner's petitions for High Income Rent Deregulation for apartment 12D in petitioner's building, ordering that the matter be remanded to DHCR to issue a decision on the merits of petitioner's deregulation applications, and awarding petitioner costs and disbursements, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.
DHCR rationally concluded that Part D of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) stripped it of its authority to issue a deregulation order for the subject apartment based on the prior high income deregulation provisions (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, — NY3d — , 2024 NY Slip Op 06377 [2024]). Additionally, it is undisputed that the owner renewed the tenant's lease in October 2018, which did not expire until after the June 14, 2019 enactment of the HSTPA (id. at *1-2).
While DHCR had a significant delay in processing petitioner's applications, petitioner failed to establish that the delay was caused by DHCR's negligence or willfulness (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 209 AD3d 517, 517-518 [1st Dept 2022], affd _NY3d_, 2024 NY Slip Op 06377 [2024]; Matter of McCarthy v New York State Div. of Hous. & Community Renewal, 290 AD2d 313, 314 [1st Dept 2002]; Matter of Evans v New York State Div. of Hous. & Community Renewal, 284 AD2d 193, 193 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025