Matter of 250 E. 63 Realty LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 05139)

Matter of 250 E. 63 Realty LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 05139

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 150562/23|Appeal No. 4738|Case No. 2024-00065|

[*1]In the Matter of 250 E. 63 Realty LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew W. Grieco of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered November 28, 2023, denying the petition to annul the November 21, 2022 determination of respondent agency New York State Division of Housing and Community Renewal (DHCR), which denied petitioner's application for a rent increase based on major capital improvements (MCIs), granted DHCR's cross-motion to dismiss, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's application was denied on the basis that the building contained 35% or fewer rent regulated apartments (Administrative Code of City of NY § 26-511.1[a][6]). We find, as in other recent appeals decided by this Court, that "DHCR 'rationally concluded that the amendments from HSTPA part K should be applied when considering petitioner['s] MCI application,' as 'there had been no determination issued' as of the effective date" of the statute (Matter of 609 Realty LLC v New York State Div. of Hous. & Community Renewal, 231 AD3d 589, 590 [1st Dept 2024], quoting Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 440 [1st Dept 2023], lv denied 41 NY3d 907 [2024]; see Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494, 495 [1st Dept 2024], lv denied 42 NY3d 912 [2025]). We reiterate that "'Part K's amendments were effective immediately and applied to any determination issued after the act's effective date'" (Matter of 609 Realty LLC, 231 AD3d at 590, quoting Matter of 4040 BA LLC, 221 AD3d at 440; see also L 2019 ch 36, part K, §§ 5, 6, 11, 18[c]; L 2019 ch 39, part Q, § 29).
Petitioner's claim of a violation of due process is unpreserved, as it was not raised either before the rent administrator or in the petition for administrative review. "This Court has 'no discretionary authority' to 'reach[] an unpreserved issue in the interest of justice' in an article 78 proceeding challenging an administrative determination" (Matter of 197 Madison Holdings LLC v NYS Div of Hous. & Community Renewal, 231 AD3d 440, 442 [1st Dept 2024], quoting Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]).
Even if the claim had been properly raised, we would find no violation of due process, as applying part K "affected only the propriety of petitioner['s] prospective rent increases and had no potentially problematic retroactive effect" (Matter of 609 Realty LLC, 231 AD3d at 590, quoting Matter of 101 E. 16th St. Realty LLC, 226 AD3d at 495; see also Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 42 NY3d 46, 55-57 [2024]). Contrary to petitioner's contention, the affidavit from its consultant did not prove that it had a vested right, based solely on the asserted date that any increase would have become effective had its application been approved. Nor is there any legally significant difference between this case and those where MCI applications were partially granted. Instead, as with those cases, "[w]hen the HSTPA was enacted, petitioner had no vested right in a future MCI rent increase, or in the more beneficial pre-HSTPA law or regulations" (Matter of 4040 BA LLC, 221 AD3d at 441; see Matter of 609 Realty LLC, 231 AD3d at 590).
We find no basis to remand to DHCR "for a review of petitioner['s] unpreserved claim that application of the part K amendments might result in prejudice or undue hardship" (Matter of 609 Realty LLC, 231 AD3d at 590, quoting Matter of 101 E. 16th St. Realty LLC, 226 AD3d at 495; see 9 NYCRR 2527.7, 2529.10). Petitioner failed to request a remand for this purpose in its petition or amended petition. Furthermore, the record shows that petitioner knew prior to the rent administrator's decision that the HSTPA would apply to its pending application, that petitioner asked DHCR to suspend its application so it could reregulate apartments to satisfy the rule, and that petitioner did not claim undue hardship or prejudice were the HSTPA to be applied.
To the extent that petitioner has not abandoned its argument claiming undue delay, it cites no evidence demonstrating that any delay in processing the MCI
application "was willful or a result of negligence" (Matter of Evans v New York State Div. of Hous. & Community Renewal, 284 AD2d 193 [1st Dept 2001]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025