Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 01229)





Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 01229


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 157576/20, 153995/20, 153999/20 Appeal No. 15380-15381-15382 Case No. 2021-00718, 2021-00655, 2021-00644 

[*1]In the Matter of 160 E. 84th St. Associates LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.
In the Matter of 87th Street Sherry Associates LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.
In the Matter of 87th Street Sherry Associates LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.


Horing Welikson Rosen & Digrugilliers PC, Williston Park (Jillian N. Bittner of counsel), for 160 E. 84th St. Associates LLC, appellant.
Horing Welikson Rosen & Digrugilliers PC, Williston Park (Randi B. Gilbert of counsel), for 87th Street Sherry Associates LLC, appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for respondent.



Judgments, Supreme Court, New York County (Carol R. Edmead, J.), entered December 9, 2020, December 9, 2020, and January 19, 2021, among other things, denying the petitions to annul respondent New York State Division of Housing and Community Renewal's (DHCR) "Explanatory Addenda," dated September 6, 2019, September 20, 2019, and September 6, 2019, to rent deregulation orders dated April 5, 2019, February 27, 2019, and January 7, 2019, explaining the effects of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) on those orders, to annul DHCR's orders, dated March 5, 2020, March 5, 2020, and July 23, 2020, which denied the petitions for administrative review challenging the addenda, and to reinstate the deregulation orders, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's explanatory addenda and orders denying the petitions for administrative review challenging the addenda are not arbitrary and capricious or affected by an error of law (see CPLR 7803[3]; see generally New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 204 [1994]). The article 78 court correctly rejected petitioners' argument that DHCR's September 2019 addenda explaining the effect of HSTPA part D on the deregulation orders improperly gave retroactive effect to the statute. Part D repealed certain rent deregulation provisions of the Rent Stabilization Law (L 2019, ch 36, pt D, § 5), effective June 14, 2019, the date of enactment (L 2019, ch 36, pt D, § 8). Later in June 2019, part D was amended to state, in pertinent part: "This act shall take effect immediately; provided however, that (i) any unit that was lawfully deregulated prior to June 14, 2019 shall remain deregulated" (L 2019, ch 39, pt Q, § 10). That exception did not apply to the instant cases, in which the three subject leases expired on June 30, 2019. DHCR's deregulation orders, issued in January, February, and April 2019, stated prospectively that the subject apartment units would become deregulated "[u]pon the expiration of the existing lease[s]."
DHCR's addenda explained that the effect of HSTPA part D was to prohibit the deregulation of units with leases expiring after June 14, 2019. That is, they simply noted the prospective effect of the June 14, 2019 statute on subsequently expiring leases. Thus, in this case, the statute "affect[ed] only the propriety of prospective relief . . . [and] ha[d] no potentially problematic retroactive effect" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365 [2020] [internal quotation marks omitted]).
We reject petitioners' argument that the addenda improperly revived time-barred challenges to the deregulation orders (see id. at 371).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022