Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 03434)





Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 03434


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 157558/20, 157560/20, 157579/20, 157582/20 Appeal No. 16005-16006-16007-16007A Case No. 2021-02603, 2021-02604, 2021-02605, 2021-02606 

[*1]In the Matter of 160 East 84th Street Associates LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent. 


Horing Welikson Rosen & Digrugilliers PC, Williston Park (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about June 22, 2021, which denied the petitions to annul respondent New York State Division of Housing and Community Renewal's (DHCR) September 6, 2019 "Explanatory Addenda" to rent deregulation orders dated October 19, 2018, March 22, 2019, March 22, 2019, and November 14, 2018, to annul DHCR's orders, dated July 24, 2020, July 24, 2020, July 23, 2020, and July 24, 2020, denying the petitions for administrative review challenging the addenda, and to reinstate the deregulation orders, and dismissed the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's explanatory addenda and the orders denying the petitions for administrative review challenging the addenda were not arbitrary and capricious, nor were they affected by an error of law (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 202 AD3d 610, 611 [1st Dept 2022]; see also CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). As petitioner concedes, under pre-HSTPA law, an apartment's deregulated status officially occurred at the expiration of the lease in effect at the time the deregulation order issued (see former Administrative Code of City of NY § 26-504.3[b], [c][2]-[3]). Thus, the housing accommodations at issue herein, with leases expiring on January 30, 2020, July 31, 2019 and June 30, 2019, were not "lawfully deregulated prior to June 14, 2019" (L 2019, ch 39, § 1, part Q, § 10).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022