Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 03466)





Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 03466


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Webber, J.P., Kern, Oing, Scarpulla, Pitt, JJ. 


Index No. 157563/20,157573/20,157580/20 Appeal No. 16036-16037 Case No. 2021-02599, 2021-02600, 2021-02601 

[*1]In the Matter of 160 East 84th Street Associates LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent. 


Horing Welikson Rosen & DiGrugilliers PC, Williston Park (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for respondent.



Judgments (denominated orders), Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2021, denying the petitions to annul respondent New York State Division of Housing and Community Renewal's (DHCR) September 6, 2019 "Explanatory Addenda" to rent deregulation orders dated October 19, 2018, April 5, 2019, and October 17, 2018, which explained the effects of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, § 1) on those orders, to annul DHCR's orders, dated June 24, 2020, July 23, 2020, and July 23, 2020, which denied its petitions for administrative review challenging the addenda, and to reinstate the deregulation orders, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, with costs.
DHCR's explanatory addenda and orders, which denied the petitions for administrative review challenging the addenda are not arbitrary and capricious or affected by an error of law (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 202 AD3d 610, 611 [1st Dept 2022]; see also CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). As petitioner concedes, under pre-HSTPA law, an apartment's deregulated status officially occurred at the expiration of the lease in effect at the time the deregulation order issued (see former Administrative Code of City of NY § 26-504.3[b], [c][2]-[3]). Thus, the housing accommodations at issue herein, with leases expiring on June 30, 2020, July 31, 2019, and June 30, 2019, respectively, were not "lawfully deregulated prior to June 14, 2019" (L 2019, ch 39, § 1, part Q, § 10).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022