Matter of Clermont York Assoc., LLC v New York State Div. Hous. & Community Renewal (2022 NY Slip Op 05748)

Matter of Clermont York Assoc., LLC v New York State Div. Hous. & Community Renewal

2022 NY Slip Op 05748

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 157776/20 Appeal No. 16431-16432 Case No. 2021-03069 

[*1]In the Matter of Clermont York Associates, LLC, Petitioner-Appellant,
v
New York State Division Housing and Community Renewal, Respondent-Respondent.

Horing Welikson Rosen & Digrugilliers, P.C., Williston Park (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 30, 2021, which denied the petition to annul respondent New York State Division of Housing and Community Renewal's (DHCR) September 6, 2019 "Explanatory Addenda" to a rent deregulation order dated April 5, 2019, to annul DHCR's August 6, 2020 order denying the petition for administrative review challenging the addenda, and to reinstate the deregulation order, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's explanatory addenda and the order denying the petition for administrative review challenging the addenda were not arbitrary and capricious, nor were they affected by an error of law (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 205 AD3d 635, 636 [1st Dept 2022]; Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 205 AD3d 601, 601-602 [1st Dept 2022]; Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 202 AD3d 610, 611 [1st Dept 2022]).
Petitioner failed to make a showing that DHCR's delay in issuing the deregulation order was caused by DHCR's negligence or willfulness (see Matter of McCarthy v New York State Div. of Hous. & Community Renewal, 290 AD2d 313, 314 [1st Dept 2002]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022