Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 05781)

Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal

2022 NY Slip Op 05781

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 157557/20 Appeal No. 16427-16428-16428A Case No. 2021-02556, 2021-03885, 2021-03891 

[*1]In the Matter of 160 East 84th Street Associates LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Horing Welikson Rosen & Digrugilliers PC, Williston Park (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2021, which denied the petition to annul respondent New York State Division of Housing and Community Renewal's (DHCR) September 6, 2019 "Explanatory Addenda" to a rent deregulation order dated May 23, 2018, to annul DHCR's June 24, 2020 order denying the petition for administrative review challenging the addenda, and to reinstate the deregulation order, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order and supplemental order, same court and Justice, entered October 7, 2021 and October 15, 2021, which denied petitioner's motion for leave to reargue and renew, unanimously affirmed, without costs, as to renewal, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
DHCR's explanatory addenda and the order denying the petition for administrative review challenging the addenda were not arbitrary and capricious, nor were they affected by an error of law (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 205 AD3d 635, 636 [1st Dept 2022]; Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 205 AD3d 601, 601-602 [1st Dept 2022]; Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 202 AD3d 610, 611 [1st Dept 2022]).
Petitioner failed to make a showing that DHCR's delay in issuing the deregulation orders was caused by DHCR's negligence or willfulness (see Matter of McCarthy v New York State Div. of Hous. & Community Renewal, 290 AD2d 313, 314 [1st Dept 2002]).
The court providently exercised its discretion in declining to grant leave to renew, as petitioner raised no new facts and identified no change in law which would have changed the outcome of the prior order (CPLR 2221[e]; see Matter of Yu Chan Li v New York City Landmarks Preserv. Commn., 182 AD3d 478, 478 [1st Dept 2020], lv dismissed 36 NY3d 927 [2020]).
The court's denial of the motion for leave to reargue is not appealable (see Yu Chan Li at 479).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022