## McPeek v DNY2 153 Norfolk St. LLC

2023 NY Slip Op 34564(U)

December 21, 2023

Supreme Court, New York County

Docket Number: Index No. 155345/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**                          PART          42

*Justice*

--------------------------------------------------------------------------------X

HALEY MCPEEK

| | |
|---|---|
| INDEX NO. | 155345/2022 |
| MOTION DATE | 08/10/2023 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

DNY2 153 NORFOLK STREET LLC,

**DECISION + ORDER ON MOTION**

Defendant.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44

were read on this motion to/for           JUDGMENT - SUMMARY           .

## I.     INTRODUCTION

The plaintiff, Haley McPeek, a tenant of a residential building at 153-155 Norfolk Street in Manhattan, seeks a judgment declaring that her apartment is rent-stabilized and setting the proper legal regulated rent for her apartment, and money damages equal to the rent that she has allegedly been overcharged.  The defendant, DNY2 153 Norfolk Stret LLC, owner of the building, moves pursuant to CPLR 3212 to dismiss the complaint.  The motion is granted and the complaint is dismissed.

## II.     BACKGROUND

Plaintiff Haley McPeek is the tenant of Apartment 0D at the subject building, owned by defendant DNY2 153 Norfolk Street LLC and previously owned by 153-155 Norfolk Street, LLC. The subject unit was previously registered with the New York State Division of Housing and Community Renewal (DHCR) as a rent-stabilized apartment. In 2017, the former owner registered the unit as rent-stabilized but vacant, at a legal regulated rent of $930.80.  During the vacancy, the former owner engaged in significant renovations to the unit, including a complete bathroom renovation, a complete kitchen renovation, and renovations to the unit's doors, windows, radiators, light fixtures, and sheet rock, in addition to substantial electrical work, for a total of $103,090.00

[* 1]

On April 5, 2017, a tenant named Joshua Marshall executed a rent-stabilized lease for the unit with the former owner for a term beginning on May 1, 2017, and ending on April 30, 2018, with a monthly rent of $2,350.00. Attached to the lease was a lease rider (Deregulation Notice) required by former Section 26-504.2(b) of the Rent Stabilization Law, executed by both Marshall and the former owner, which set out the following:

1. The previous legal regulated rent for the unit was $930.80 per month when the last tenant moved out,
2. The former owner applied an eighteen percent statutory increase to the rent based on the previous vacancy in the sum of $167.54 per month,
3. The former owner applied a statutory increase based on the applicable time frame in the sum of $131.13 per month,
4. The former owner applied an increase based on improvements to the individual apartment, also known as Individual Apartment Improvements (IAI), in the sum of $1,847.33 per month, calculated as 1/60th of the total cost of the renovations performed in 2017,
5. The new legal regulated rent was $3,076.80, and
6. The former owner would accept a reduced, "preferential" rent of $2,350.00 for the unit.

Marshall's lease was subsequently extended from 2018 to April 30, 2019. In 2018, the former owner registered the unit as rent-stabilized with Marshall as the tenant. In 2019, the former owner again registered the unit but at a legal rent of $3,115.26 and a preferential rent of $2,360.00. Marshall vacated at the end of the lease term on April 30, 2019.

On May 6, 2019, the plaintiff entered into a written lease agreement for the unit for a term beginning on May 25, 2019, and ending on May 31, 2020, at a monthly rent of $2,150.00 Attached to the lease was a "Notice of Apartment Deregulation Pursuant to High Rent Vacancy," executed by both the plaintiff and the former owner, in which the plaintiff acknowledged and certified that the unit was lawfully deregulated before she took possession. The plaintiff's lease was renewed twice, with the last lease term ending on August 31, 2022. The plaintiff remains in possession of the unit as a month-to-month tenant, and has accrued arrears.

The former owner filed an annual apartment registration for 2020 in which it registered the unit as permanently exempt from regulation effective May 25, 2019, due to "high rent vacancy", with a monthly rent of $3,115.26, and occupied by the plaintiff. From then onward, the defendant ceased filing registrations of the unit with the DHCR.

The plaintiff commenced this action on June 24, 2022, by filing a verified complaint, alleging four causes of action for (1) a judgment declaring that the subject unit is rent-stabilized, (2) a judgment declaring to the "true legal rent" for the subject unit, (3) money damages for the amount that the plaintiff has allegedly been rent overcharged, plus interest and treble damages, and (4) attorney's fees. On November 8, 2022, the former owner filed a verified answer with nine affirmative defenses, including failure to state a cause of action, and a defense based on documentary evidence, laches and statute of limitations, and a counterclaim for attorney's fees.

On January 31, 2023, the former owner filed the instant motion, seeking summary judgment to dismiss the complaint in its entirety. The plaintiff filed opposition to the motion on March 14, 2023.

On March 21, 2023, the defendant, DNY2 153 Norfolk Street LLC, purchased the building from the former owner. The parties then stipulated that the caption for this action be amended to replace the former owner as the defendant with DNY2 153 Norfolk LLC, as the former owner's successor-in-interest, and that all claims, denials, defenses, affirmative defenses and counterclaims asserted by the former owner shall be treated as if asserted by the defendant. By order dated August 10, 2023, the court ordered that the caption be so amended.

## III.  DISCUSSION

It is well-settled that the movant on a summary judgment motion "must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 (1985). The motion must be supported by evidence in admissible form (see Zuckerman v City of New York, 49 NY2d 557 [1980]), and the pleadings and other proof such as affidavits, depositions, and written admissions. See CPLR 3212. The "facts must be viewed in the light most favorable to the non-moving party." Vega v Restani Constr. Corp., 18 NY3d 499, 503 (2012) (internal quotation marks and citation omitted). Once the movant meets its burden,

[* 3]

it is incumbent upon the non-moving party to establish the existence of material issues of fact. See id., citing Alvarez v Prospect Hosp., 68 NY2d 320 (1986). While a motion for summary judgment is generally "based upon the over-all merits of the case rather than on an individual defense," it is also an "acceptable practice to move for summary judgment on grounds listed in CPLR 3211(a) when these are asserted as defenses in the answer." Houston v Trans Union Credit Info. Co., 154 AD2d 312, 313 (1st Dept. 1989); see Wan Li Situ v MTA Bus Co., 130 AD3d 807, 808 (2nd Dept. 2015); CPLR 3211(e). Here, the defendant appears to seek summary judgment on its affirmative defenses of failure to state a cause of action (CPLR 3211[a][7]) and a defense based on documentary evidence (CPLR 3211[a][1]).

In support of the motion, the defendant submits the pleadings, the plaintiff's leases, the lease of former tenant Marshall, the Deregulation Notice executed by Marshall and the former owner; the former owner's registration of the unit in 2019 with the DHCR, with tenant Marshall and reflecting a legal regulated rent of $3,115.26; the form included in the plaintiff's original lease in which she acknowledged that the unit was lawfully deregulated; and an annual apartment registration for 2020 in which the former owner registered the unit as permanently exempt from regulation effective May 25, 2019 due to high rent vacancy. The defendant also submits an invoice by Fairfield Renovations Group dated October 18, 2016, showing a balance due of $103,090.00 for renovations performed on Unit 0D, and a work proposal dated December 27, 2016, sent by ADG Architecture and Design, P.C. to the former owner to perform "interior renovations" and "replacement of plumbing and fixtures" on the Unit 0D. The defendant also submits, inter alia, an affirmation of Robert Gordon, managing agent for the former owner, who attests that (1) following a year of vacancy of the unit, Marshall and the former owner executed a Deregulation Notice corroborating and substantiating the rent calculation for the unit, (2) the former owner expended $103,090.00 to perform substantial renovations to the unit, including, among other things, complete replacement of the ceiling, walls, floors, doors, windows, plumbing, electronic power lines, and bathroom fixtures, and (3) along with the lease, the plaintiff executed a form along in which she acknowledged and agreed that the unit was lawfully deregulated before she took possession. The defendant submits a Memorandum of Law, in addition to an affirmation of counsel.

Under the Rent Stabilization Law (RSL) and Rent Stabilization Code (RSC) as it existed prior to its amendment in 2019, rent-stabilized, vacant apartments were subject to certain statutory rent increases based on, inter alia, the length in which they remained vacant (see RSL [Administrative Code of City of NY] former § 26-511[c][5-a]; RSC [9 NYCRR] former §

2522.8[a][2]) and based on significant improvements to individual units, known as an individual apartment improvements (IAI). See RSC § 2522.4(a)(1), (4). [1] When the legal regulated rent for a rent-stabilized, vacant apartment, including any permitted increases based on vacancy or IAIs, exceeded a threshold amount, the law provided that it would become deregulated, in a process also known as "high-rent vacancy deregulation" (RSL former § 26-504.2[a]); see generally Roberts v Tishman Speyer Properties, L.P., 13 NY3d 270 (2009). The deregulation threshold in 2019 was $2,700.00. See L 2015, ch 20, part A, § 10.

On June 14, 2019, the New York State Legislature passed the Housing Stability and Tenant Protection Act of 2019 (HSTPA) ( L 2019, ch 36). See generally Matter of Regina Metro. Co., LLC v NY State Div. of Hous. & Community Renewal, 35 NY3d 332 (2020). Although Part Q of the HSTPA repealed high-rent vacancy deregulation, any deregulation that occurred prior to June 14, 2019, the effective date of HSTPA, remained valid. The HTSPA expressly provided that "any unit that was lawfully deregulated prior to June 14, 2019, shall remain deregulated." (L 2019, ch 39, Part Q, §8,10). See Matter of Hoy v NY State Div. of Hous. & Community Renewal, 204 AD3d 568 (1st Dept. 2022); Matter of 160 E. 84th St. Assocs. LLC v NY State Div. of Hous. & Community Renewal, 202 AD3d 610 (1st Dept. 2022).

Here, the defendant's proof establishes that the subject unit was lawfully deregulated on April 5, 2017, prior to the effective date of HSTPA, as the legal regulated rent for the unit exceeded $2,700.00. After the former owner undertook substantial improvements to the unit, it also received a statutory vacancy increase and the increases were sufficient to push the rent beyond the threshold required for deregulation. See L 2015, ch 20, part A, § 10; RSC former § 2522.8(a)(2); RSC 2522.4(a)(1). Furthermore, the former owner properly notified Marshall, the first tenant after deregulation, of the deregulation, in accordance with RSL former § 26-504.2(b). Marshall's lease expired on April 30, 2019. Since the deregulation occurred prior to June 14, 2019, the unit remained deregulated thereafter. See Matter of Hoy v NY State Div. of Hous. &

---

[1] Also under the RSL and RSC as it existed prior to its amendment in 2019, owners were permitted to apply to the DHCR to deregulate an apartment (known as Luxury Decontrol) when the tenant's' combined income for the past two calendar years exceeded $200,000.00 and the monthly rent exceeded $2,733.72 [as of 2015]. See RSL former § 26-504.3 (High Income Rent Decontrol"), repealed by L 2019, ch 36, part D, § 5.

[* 5]

Community Renewal, supra; Matter of 160 E. 84th St. Assocs. LLC v NY State Div. of Hous. & Community Renewal, supra.

Thus, the defendant has established, *prima facie*, its defenses alleging failure to state a cause of action (CPLR 3211[a][7]) and a defense based on documentary evidence (CPLR 3211[a][1]) as to all four causes of action of the complaint.

In opposition, the plaintiff submits only her an affirmation of her attorney and a brief affidavit of her own. Since he claims no personal knowledge of the underlying facts, the affirmation of the plaintiff's counsel is without probative value or evidentiary significance on this motion. See Zuckerman v City of New York, 49 NY2d 557 (1980); Trawally v East Clarke Realty Corp., 92 AD3d 471 (1st Dept. 2012). In single-page affidavit, containing five short sentences, the plaintiff states only that "I do not believe the defendant performed sufficient renovations to have deregulated the subject unit", "the subject unit does not give the appearance of having been renovated to such a degree that the subject unit could have been deregulated" and that discovery is necessary. Nothing more is submitted. This proof falls far short of raising any triable issue of fact.

Contrary to the plaintiff's speculations, the former owner validly increased the rent based on the documented improvements to the unit in 2017 when it executed the lease with Marshall, which was sufficient to deregulate the unit pursuant to RSL former § 26-504.2(a). Thus, neither the former owner nor the defendant have overcharged the plaintiff by charging market rent. Once the unit was lawfully deregulated, the former owner was no longer required to register the unit as rent-stabilized with the DHCR in 2021 and 2022.

There is no merit to the plaintiff's argument that the defendant's motion for summary judgment is premature due to outstanding discovery. While discovery is not yet completed, the plaintiff "fails to establish how discovery will uncover further evidence or material in the exclusive possession" of the defendant. Kent v 534 East 11th Street, 80 AD3d 106, 114 (1st Dept. 2010). "[T]he party invoking CPLR 3212(f) must show some evidentiary basis supporting its need for further discovery." Green v Metropolitan Transp. Auth. Bus Co., 127 AD3d 421 423 (1st Dept. 2015). It is well settled that mere hope or speculation that discovery may uncover evidence to defeat the motion is insufficient. See Reyes v Park, 127 AD3d 459 (1st Dept. 2015); Alcaron v Ucan White Plains Housing Dev. Fund Corp., 100 AD3d 431 (1st Dept. 2012); Kent v 534 East 11th Street, supra. Moreover, at the compliance conference conducted by the court on

[* 6]

August 10, 2023, the plaintiff's counsel represented that no further document discovery was needed, and in the last discovery conference order, dated November 2, 2023, the court noted that the plaintiff had not conducted a deposition of the defendant by the court's deadline, and failed to appear for that conference, subjecting the complaint to dismissal under 22 NYCRR 202.27. Thus, further discovery is clearly not a priority to the plaintiff.

Finally, the plaintiff argues that the court should deny the defendant's motion due to the defendant's failure to include a separate Statement of Material Facts as provided by 22 NYCRR 202.8-g(a), and required by the Rules of Part 42. However, the court finds this procedural argument unpersuasive in light of the plaintiff's own procedural failure in submitting no Memorandum of Law. And plaintiff cannot rely solely upon her attorney's affirmation which provides no facts and improperly incorporates legal arguments. Nor did the plaintiff submit her own Statement of Material Facts. Indeed, she wholly failed to assert facts in any manner whatsoever to dispute the material facts alleged by the defendant. Furthermore, the affidavit of defendant's managing agent, Robert Gordon, and the defendant's attorney, Parker Rothman, each constitute a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" (22 NYCRR 202.8-g).

Based on the foregoing, the plaintiff states no cause of action for a judgment declaring that the subject unit is rent-stabilized, and the first cause of action is dismissed. Upon these facts, the defendant is entitled to a declaration that the subject unit is deregulated and not subject to rent-stabilization. See CPLR 3001.

Nor is the plaintiff entitled to a judgment declaring the true legal rent as sought in the second cause of action because the unit is no longer regulated by the RSL. "The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. Where there is no necessity for resorting to the declaratory judgment it should not be employed." Touro College v Novus Univ. Corp., 146 AD3d 679, 679-680 (1st Dept. 2017), *citing* James v Alderton Dock Yards, 256 NY 298 (1931). As a declaration of the proper rent would serve no practical purpose in light of the foregoing declaration, the second cause of action is dismissed.

Further, the plaintiff has no cause of action for damages of rent overcharges, let alone treble damages (third cause of action), as there has been no overcharge. See RSC

2526.1(a)(1). For the same reason, the plaintiff also has no cause of action for attorneys' fees under RSC 2526.1(d) (fourth cause of action).

The defendant also moves to dismiss the complaint on the ground, in effect, that the plaintiff lacks standing to sue (CPLR 3211[a][3]), as she has suffered no injury. Because the court finds adequate ground to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), it need not address the merits of that grounds for dismissal. The court notes that the defendant failed to include the defense of lack of standing in its answer and it therefore may not assert that ground in this motion. See Houston v Trans Union Credit Info. Co., supra; Wan Li Situ v MTA Bus Co., supra.

The court has considered and rejected the plaintiff's remaining contentions.

IV.     CONCLUSION

Accordingly, and upon the foregoing papers, it is

ORDERED that the defendant's motion is granted, and the complaint is dismissed in its entirety, and it is further

ORDERED, ADJUDGED and DECLARED that Apartment 0D of the residential building at 153-155 Norfolk Street, New York, New York, is deregulated and not rent-stabilized, and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**12/21/2023**
**DATE**

CHECK ONE:    [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION
              [ ] GRANTED    [ ] DENIED   [X] GRANTED IN PART    [ ] OTHER