# Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 34563(U)

December 22, 2023

Supreme Court, New York County

Docket Number: Index No. 152307/2023

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. NANCY M. BANNON__                    PART                42
                                                *Justice*

-----------------------------------------------------------------------X

In the Matter of the Application of

101 EAST 16TH STREET REALTY LLC,

                              Petitioner,

For a Judgment Pursuant to CPLR article 78,

                    - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

                              Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152307/2023 |
| **MOTION DATE** | 07/10/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION, ORDER
and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17
were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

## I.    INTRODUCTION

In this proceeding pursuant to Article 78 of the CPLR, petitioner 101 East 16th Street Realty LLC, owner of residential property at 101 East 16th Street in Manhattan, challenges a determination by respondent New York State Division of Housing and Community Renewal (DHCR), as being improper, arbitrary and capricious. Even though its application for luxury decontrol of Unit 6G was filed earlier, the DHCR denied the application based on the newly enacted Housing Stability and Tenant Protection Act of 2019 (HSTPA), which repealed Section 26-504.3 of the Rent Stabilization Law (RSL), eliminating luxury decontrol. The petitioner seeks an order annulling the determination and remitting the matter to DHCR with instructions to process the deregulation petition on the merits. The respondent opposes. The petition is denied.

## II.    BACKGROUND

The following facts are undisputed by the parties.  Apartment 6G (the Apartment) of the petitioner's property at 101 East 16th Street in Manhattan (the Building) is rent-stabilized

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF**          **Page 1 of 9**
**HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

1 of 9

pursuant to the RSL, leased to two tenants, James David and Daniel Rosenbaum. Under the RSL as it existed prior to its amendment in 2019, landlords were permitted to apply with the DHCR to deregulate an apartment (known as Luxury Decontrol) when the tenants' combined income for the past two calendar years exceeded $200,000.00 and the monthly rent exceeded $2,733.75. See Administrative Code of City of NY, former § 26-504.3 (High Income Rent Decontrol"), repealed by L 2019, ch 36, part D, § 5.

On May 29, 2018, the petitioner filed a "Petition by Owner for High Income Rent Deregulation" (Deregulation Petition) with the DHCR, requesting that the agency verify the combined income of the two tenants at the Apartment for the two previous years with the New York State Department of Taxation and Finance (DTF). See former § 26-504.3(c)(1). The rent for the Apartment at the time exceeded the deregulation threshold.

The RSL establishes mandatory timeframes for the processing of Deregulation Petitions, including when the DHCR must notify each party and when it must make determinations. Under the former Section 26-504.3(c)(1) of the RSL, the DHCR was required to serve the tenants with a copy of the Deregulation Petition within 20 days of its filing and notify them of their obligation to provide the DHCR with identifying information sufficient to permit the DTF to verify their incomes. However, the DHCR served the Tenants with the petition on October 17, 2018, 142 days after the Deregulation Petition was filed.

The tenants answered the Deregulation Petition on or before November 30, 2018, provided the requisite documents, including federal tax returns, and asserted that their total annual income was less than $200,000.00. On December 21, 2028, the DHCR Rent Administrator served the petitioner with a copy of the Tenants' answer. On January 9, 2019, the petitioner replied to the Tenants' answer by a letter of counsel, in which she stated that the DHCR had failed to obtain a determination from the DTF as to whether the tenants' total annual income exceeded $200,00.00, and to then notify the parties of the result by November 15, 2018, and that the DHCR had also failed to serve the Tenants with the Deregulation Petition within the twenty days required pursuant to Rent Stabilization Code (RSC) § 2531.4 (9 NYCRR § 2531.4). Counsel requested that the DHCR expedite its Deregulation Petition.

On June 14, 2019, however, while the petitioner's Deregulation Petition was still pending, the New York State Legislature passed the Housing Stability and Tenant Protection Act of 2019 (HSTPA). L 2019, ch 36. Part D of HSTPA repealed Section 26-504.3 of the RSL,

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 2 of 9**

2 of 9

eliminating the Luxury Decontrol provision. HSTPA, L 2019, ch 36, § 5. Part D expressly states that "[t]his act (Part D) shall take effect immediately." Part F of the statute, which addressed the rent overcharge provisions of the statute, states that "this act (Part F) ... "shall take effect immediately and shall apply to any claims pending or filed on or after such date."

On November 13, 2019, the DHCR Rent Administrator issued an Order denying the petitioner's Deregulation Petition (Dismissal Order) stating that "[e]ffective June 14, 2019, the Housing Stability and Tenant Protection Act of 2019, as amended, repealed the provisions which provided for the issuance of orders authorizing High-Rent/High Income Deregulation pursuant to heh RSL, ETPA and Rent Control Laws. Therefore, this proceeding initiated by the owner for such an order is dismissed."

On December 13, 2019, the petitioner filed a Petition for Administrative Review (PAR) with the DHCR, appealing the Dismissal Order, arguing that it was improper, arbitrary and capricious The petitioner argued, in essence, that retroactively applying HSTPA to its pending Deregulation Petition was improper and violated its right to due process, that the DHCR failed to timely process the Deregulation Petition and that the law in effect at the time it filed the Deregulation Petition should control.

In opposition to the PAR, the Tenants, *pro se*, filed a statement with the DHCR dated January 31, 2020, in which they took "no position on the dispute regarding which law should be applied to the owner's [Deregulation Petition]" but argued that the dispute was "moot" since their household income never "exceeded $200.000.00 for two consecutive years." They asked that the PAR be denied.

After reviewing submissions from the petitioner and the Tenants, on January 9, 2023, Woody Pascal, as Deputy Commissioner of the DHCR issued an Order and Opinion (Final Determination) denying the PAR and affirming the Rent Administrator's Dismissal Order. In the Final Determination, the Deputy Commissioner found that (1) according to explicit statutory mandate, HSTPA's repeal of the Luxury Decontrol provision was to take effect immediately, (2) the Rent Administrator's denial of the petitioner's Deregulation Petition was not retroactive in effect, (3) that the DHCR had not delayed in its processing of the petition in anticipation of the HSTPA being enacted, and (4) that, even if there was delay, it has no effect on the immediate applicability of HSTPA absent a finding of DHCR's negligent or deliberate conduct and there is no such showing here. Specifically, the Deputy Commissioner stated, in part:

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 3 of 9**

3 of 9

[* 3]

"The Commissioner rejects the owner's assertion that HSTPA should not apply to this proceeding. If an apartment remains regulated on or after June 14, 2019, that apartment is no longer subject to the statutory provisions of High-Rent/High Income deregulation, as those statutes have been repealed by the legislature in passing HSTPA. The Commissioner notes that, as of June 14, 2019, no deregulation order had been issued for the subject apartment and the subject apartment was under the jurisdiction of the Rent Stabilization Laws and Regulations...

The Commissioner finds that the HSTPA does not provide an exception to the repeal of the High-Rent/High Income deregulation for an apartment that was rent stabilized as of June 14, 2019.  HSTPA creates a bright line test for which apartments were deregulated and those that could no longer be deregulated. This determination is on the merits as the rent agency is precluded from determining that the subject apartment is High-Rent/High Income deregulated as there is no longer any standard under Rent Stabilization that permits the review that petitioner is seeking. See West 79th LLC v New York State Div. of Housing & Comm. Renewal ", Index No. 158833/2020 (Hon. Carol Edmead) (Sup Ct, NY County,  May 19, 2021) ("DHCR does not have the statutory authority to process deregulation petitions after June 14, 2019."); see also Matter of 160 E. 84th St. Assocs., LLC v New York State Div. of Housing & Comm. Renewal, 202 AD3 610 (1st Dept. 2022)."  … HSTPA specifically states that the law is to "take effect immediately" and that "if an apartment remains rent regulated on or after June 14, 2019, that apartment is no longer subject to the statutory provisions of High-Rent/High Income deregulation." Matter of 160 E. 84th St. Assocs., supra.

The Commissioner rejects the petitioner's assertions that the RA's retroactive application of HSTPA was improper. The Commissioner notes that the New York Court of Appeals decision in Matter of Regina Metro, Co., LLC v  New York State Div. of Housing & Comm. Renewal, 35 NY3d 332 (2020) does not apply to High-Rent/High Income deregulation cases. While the Court of Appeals disallowed the retroactive application of certain rent overcharge provisions which created additional liability for owners and eliminated a four-year safe harbor for that liability contained in Part F of the HSTPA, [it expressly limited its holding to the overcharge amendments of Part F].  There is no such liability created here and no retroactive liability… the apartment could not have been deregulated after June 14, 2019, which is a prospective determination….

Contrary to the petitioner's claim, the dismissal of its deregulation application pursuant to HSTPA does not constitute a retroactive application of the statute. The owner's due process argument, which is premised on its claim of retroactivity, is not meritorious and must be denied.

There can also be no remedy based on any assertion of denial of due process based on a "delay" in processing the owner's application. While there may

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF**                 **Page 4 of 9**
**HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

4 of 9

be variances in terms of processing, there is no question that DHCR was issuing those deregulation determinations on the merits almost to the exact date of the passage of the HSTPA…. Any delay argument is further upended by the fact that [the number of deregulation orders issued in 2018 and the first half of 2019 was consistent, 105 in 2018 and 52 through June of 2019] … further establishing that that was no delay in their issuance in anticipation of the 2019 legislative change. … Significantly, even where remedies based on delay have been made available, such delay must be deliberate or negligent in anticipation of a change of statute. See Matter of IG Second Generation Partners, L.P. v New York State Div. of Housing & Comm. Renewal, 10 NY3d 474 (2008) …. The Commissioner also notes that no party has a vested right to any remedy under the Rent Stabilization Laws and Regulations, thus diminishing the petitioner's claim that the application of HSTPA deprives the petition of due process. The petitioner had no vested right in the continuation of a particular provision of the law or any policy or procedure followed by the DHCR."

On March 10, 2023, the petitioner commenced the instant article 78 proceeding.

III.   DISCUSSION

Judicial review of an administrative determination made without a hearing is limited to consideration whether it was made "in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." CPLR 7803(3). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts." Matter of Peckham v Calogero, 12 NY3d 424, 431 (2009). For the same reasons stated by the Deputy Commissioner in the Final Determination, the court finds that the petitioner fails to establish that the DHCR acted arbitrarily, capriciously, or in error of law.

In its CPLR article 78 petition, the petitioner argues that the Final Determination should be annulled because (1) the DHCR improperly delayed in processing the petitioner's Deregulation Petition and therefore the RSL as it existed previous to the enactment of HSTPA, when the Deregulation Petition was filed, controls, or alternatively, (2) the DHCR's application of HSTPA to its deregulation petition was, in effect, impermissibly retroactive and in violation of the petitioner's right to due process of law.

Notably, the Article 78 petition, verified only by counsel, is not supported by any additional submission, save for a trial court decision – a Decision and Order of Hon. Arlene Bluth in Matter of 305 Riverside Corp. v New York State Div. of Hous. and Community Renewal,

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 5 of 9**

[* 5]

2023 NY Slip Op. 31113(U) (Sup Ct, NY County 2023), which granted a similar petition based on the DHCR's delay in processing a deregulation petition, and which is submitted as an exhibit to a reply affirmation of counsel. In opposition, the respondent submits the entire administrative record and a Memorandum of Law.

(1) Delay

The petitioner first argues that the DHCR improperly delayed in processing its Deregulation Petition by failing to notify the Tenants of the petition within 20 days, as required by RSL former § 26-504.3(c)(1), and that the petitioner is therefore entitled to have its petition considered under the pre-HSTPA version of the RSL. The petitioner argues that if the DHCR had complied with all required timeframes in effect at that time, and found that the Apartment met all requirements for deregulation, DHCR would have issued an Order of Deregulation by February 28, 2019. Respondent DHCR does not dispute that it failed to timely process the petition but maintains that the petitioner has failed to demonstrate that the respondent deliberately or negligently delayed processing of the petition.

"Where a statute has been amended during the pendency of a proceeding, the application of that amended statute to the pending proceeding is appropriate and poses no constitutional problem…. unless it can be demonstrated that the [agency] deliberately or negligently delayed processing the applications before it." St. Vincent's Hosp. & Med. Ctr. v NY State Div. of Hous. & Community Renewal, 109 AD2d 711, 712 (1st Dept. 1985] (internal citations and alterations omitted); see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. and Community Renewal, 10 NY3d 474 (2008); Estate of Goldman v NY State Div. of Hous. & Community Renewal, 270 AD2d 169, 169 (1st Dept. 2000).

In Matter of 160 E. 84th St. Assoc. LLC v NY State Div. of Hous. and Community Renewal, 209 AD3d 517, 517-518 (1st Dept. 2022), the First Department held that a PAR challenging deregulation orders of the DHCR was properly denied as the "petitioner failed to make a showing that DHCR's delay in issuing the deregulation orders was caused by DHCR's negligence or willfulness." See also Estate of Goldman v NY State Div. of Hous. & Community Renewal, supra; Mountbatten Equities v NY State Div. of Hous. & Community Renewal, 226 AD2d 128 (1st Dept. 1996). Here, the petitioner fails to submit any evidence showing that the DHCR's delay in processing the deregulation petition was deliberate or negligent, in anticipation of the HSTPA. Indeed, the respondent proffers no meaningful response to the petitioners'

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

**Page 6 of 9**

6 of 9

[* 6]

allegations made in opposition that it continued to process Deregulations Petitions at the same rate up until the statue was enacted. Thus, as HSTPA repealed the Luxury Decontrol provision of the RSL effective "immediately" (see L 2019, ch 36, part D, § 5), as of the date of enactment, the Deputy Commissioner of the DHCR correctly applied the law current at the time of determination to affirm the Rent Administrator's Dismissal Order.  Thus, the DHCR's determination was not arbitrary or capricious or in error of law.  See CPLR 7803(3).

To the extent the petitioner relies upon the decision in Matter of 305 Riverside Corp. v New York State Div. of Hous. and Community Renewal, 2023 NY Slip Op. 31113(U) (Sup Ct, NY County 2023), that reliance is misplaced. Not only is the decision, by a court of coordinate jurisdiction, not binding on this court, it is distinguishable on the facts. Nor does the petitioner provide any appellate authority consistent with that decision.

(2) Retroactivity

The petitioner alternatively argues that the application of post-HSTPA RSL to its petition, which was filed prior to the enactment of the HSTPA, constitutes a retroactive application violative of its right to due process, and argues urges the court to conclude that the holding in Regina Metropolitan Co. LLC v New York State Div. of Hous. and Community Renewal, 35 NY3d 332, 365 (2020), where the Court held that HSTPA Part F, relating to rent overcharges, could not be applied retroactively, controls here.  However, in Regina, the Court of Appeals expressly limited its holding to Part F, stating that the HSTPA "is almost entirely forward-looking – only Part F's effective date provision contains language referring to prior claims."  The Court noted that "Part F relates almost entirely to the calculation of overcharge claims, and any such claim that was pending at the time the HSTPA was enacted necessarily involved conduct that occurred prior to the statute's enactment. Id. at 374; see also Stuyvesant Town-Peter Cooper Vill. Tenants' Assoc., v BPP ST Owner LLC, 78 Misc3d 309 (Sup Ct, NY County 2023).  The Court further explained that "[a] statute has retroactive effect if 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed', thus impacting 'substantive' rights (Landgraf v USI Film Prod., 511 U.S. 244, 278-280 [1994])." Regina Metropolitan Co. LLC v New York State Div. of Hous. and Community Renewal, 35 NY3d 332, 365 (2020).

In determining whether legislation has retroactive effect, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment."

152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001

Page 7 of 9

7 of 9

[* 7]

Am. Economy Ins. Co. v State of New York, 30 NY3d 136, 147 (2017). Furthermore, "a statute that affects only 'the propriety of prospective relief' . . . has no potentially problematic retroactive effect even when the liability arises from past conduct." Regina Metropolitan Co. LLC v New York State Div. of Hous. and Community Renewal, supra. As stated, in Regina, the Court held that HSTPA Part F, relating to rent overcharges, could not be applied retroactively, but expressly limited its decision to Part F.

In Matter of Harris v Israel, 191 AD3d 468 (1st Dept. 2021), the First Department applied the reasoning in Regina to hold that Part I, which limited an owner's right to refuse to renew a rent stabilized lease on the ground that the owner seeks the unit for personal use, cannot be applied retroactively. The Harris court explained that Part I, like the amendment addressed in Regina, "impair[s] rights owners possessed in the past, increasing their liability for past conduct and imposing new duties with respect to transactions already completed." [Regina, supra] at 369)." In Harris, the owner had spent several years reclaiming all other units in the building and had ultimately obtained a judgment of possession of the subject unit such that retroactive application of the HSTPA would have a "harsh and destabilizing effect on [petitioner's] settled expectations" and prevent the owner from reclaiming the property for personal use [Regina, supra] at 383). That is not the case here.

Rather, the court finds applicable the First Department's holding in 4040 BA LLC v New York State Div. of Hous. and Community Renewal, 221 AD3d 440 (1st Dept. 2023) concerning Part K and an owner's application for a rent increase based on major capital improvements (MCI), the First Department held the DHCR properly denied an application pending at the time of the enactment of HSTPA, stating that:

> "In this case, the application of the Part K (MCI) amendments did not expand the scope of petitioner's liability based on prior conduct, or impair other rights petitioner possessed in the past… When the HSTPA was enacted, petitioner had no vested right in a future MCI rent increase, or in the more beneficial pre-HSTPA law or regulations (see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. and Community Renewal, 10 NY3d 474 [2008]; 300 Wadsworth LLC v New York State Div. of Hous. and Community Renewal, 210 AD3d 454 [1st Dept. 2022]; Matter of Schutt v New York State Div. of Hous. and Community Renewal, 278 AD3d 58 [1st Dept 2000]). Here, application of HSTPA Part K affected only the propriety of a prospective rent increase, that is, how much additional rent petitioner could charge after DHCR decided its MCA rent increase application. Application of the state had no potentially problematic retroactive effect (Regina Metropolitan, 35 NY3d at 365)."

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**       **Page 8 of 9**
**Motion No.  001**

8 of 9

[* 8]

Similarly, the application of Part D of HSTPA to the petitioner's pending Deregulation Petition merely affects the propriety of "prospective relief" of deregulation and imposes no "new legal consequences to events completed before" the enactment of HSTPA. That is, the petitioner "had no vested right" to a deregulation order for the subject apartment. 4040 BA LLC v New York State Div. of Hous. and Community Renewal, supra at 440. In that regard, the court notes that the proof before the DHCR indicated that the Tenants' income did not exceed $200,000 in two consecutive years, casting doubt on the viability of the petitioner's Deregulation Petition. In any evet, contrary to the petitioner's contention, application of the HSTPA to its pending petition had no impermissible retroactive effects. The DHCR correctly implemented the mandate of HSTPA by ceasing the processing of all Luxury Decontrol petitions effective immediately, including that of the petitioner. See HSTPA, L 2019, ch 36, part D, § 5. For that reason, and as clearly set forth in the Final Determination, the Deputy Commissioner properly denied the petitioner's PAR and affirmed the Rent Administrator's Dismissal Order.

The petitioner's remaining contentions have been considered and rejected.

IV.    CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED and ADJUDGED that the petition is denied, and the proceeding is dismissed, and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

_____
NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**12/22/2023**
**DATE**

CHECK ONE:     | X | CASE DISPOSED        |   | NON-FINAL DISPOSITION
               |   | GRANTED        | X | DENIED  |   | GRANTED IN PART    |   | OTHER

**152307/2023   101 EAST 16TH STREET REALTY LLC vs. NEW YORK STATE DIVISION OF**     **Page 9 of 9**
**HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

9 of 9

[* 9]